IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 14-cv-02761-BNB
(**The above civil action number must appear on all future papers sent to the court in this action.  Failure to include this number may result in a delay in the consideration of your claims.**)

ALEXANDER S. MARDIS,

    Applicant,

v.

DISTRICT ATTORNEY KENT LEIER, and
THE PEOPLE OF THE STATE OF COLORADO,

    Respondents.

## ORDER DIRECTING PLAINTIFF TO CURE DEFICIENCIES

    Alexander S. Mardis, is a prisoner in the custody of the Colorado Department of Corrections ("CDOC") currently incarcerated at the correctional facility in Sterling, Colorado.  He has submitted *pro se* a document titled "Writ of Habeas Corpus 28 U.S.C. § 2254/Information Request" (ECF No. 1).  In the document, Mr. Mardis asserts that he is being physically assaulted by CDOC officials, is being illegally detained by CDOC, and has been refused medical care and treatment.  Mr. Mardis is advised that he may not assert civil rights claims and habeas corpus claims in the same action.

    "The essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody."  *See Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973).  "Petitions under § 2241 are used to attack the execution of a sentence, *see Bradshaw v. Story*, 86 F.3d 164, 166 (10th Cir.1996).  By contrast, 28 U.S.C. § 2254 habeas and § 2255

proceedings are used to collaterally attack the validity of a conviction and sentence."
*See McIntosh v. United States Parole Comm'n*, 115 F.3d 809, 811 (10th Cir. 1997).

It is well established in the Tenth Circuit that a habeas corpus application is an improper vehicle for a prisoner to challenge the conditions of his confinement. *See McIntosh v. United States Parole Comm'n*, 115 F.3d 809, 811-12 (10th Cir. 1997). Generally, a state prisoner's challenge to his conditions of confinement is cognizable under 42 U.S.C. § 1983. *Id.*

As part of the Court's review pursuant to D.C.COLO.LCivR 8.1(b), the Court has determined that the submitted document is deficient as described in this Order. Mr. Mardis will be directed to cure the following if he wishes to pursue his claims. Any papers that Mr. Mardis files in response to this Order must include the civil action number noted above in the caption of this Order.

**28 U.S.C. § 1915 Motion and Affidavit**:
(1)  X   is not submitted
(2)  __  is missing affidavit
(3)  X   is missing certified copy of prisoner's trust fund statement for the 6-month period immediately preceding this filing (if filing civil rights complaint)
(4)  X   is missing certificate showing current balance in prison account (if filing habeas corpus application)
(5)  __  is missing required financial information
(6)  __  is missing an original signature by the prisoner
(7)  __  is not on proper form (must use the court's current form for filing prisoner complaints)
(8)  __  names in caption do not match names in caption of complaint, petition or habeas application
(9)  __  An original and a copy have not been received by the court. Only an original has been received.
(10) __  other:

**Complaint, Petition or Application**:
(11) X   is not submitted
(12) __  is not on proper form (must use the court's current form)
(13) __  is missing an original signature by the prisoner

(14) ___   is missing page nos. ___
(15) ___   uses et al. instead of listing all parties in caption
(16) ___   An original and a copy have not been received by the court.  Only an original has been received.
(17) ___   Sufficient copies to serve each defendant/respondent have not been received by the court.
(18) ___   names in caption do not match names in text
(19) ___   other:

Accordingly, it is

ORDERED that Plaintiff cure the deficiencies designated above **within thirty days from the date of this Order**.  Any papers that Plaintiff files in response to this Order must include the civil action number on this Order.  It is

FURTHER ORDERED that Plaintiff shall obtain the Court-approved forms used in filing whatever type of action he is trying to initiate (with the assistance of his case manager or the facility's legal assistant), along with the applicable instructions, at www.cod.uscourts.gov.  It is

FURTHER ORDERED that, if Plaintiff fails to cure the designated deficiencies **within thirty days from the date of this Order**, the action will be dismissed without further notice.

DATED:  October 14, 2014, at Denver, Colorado.

BY THE COURT:

s/Boyd N. Boland
United States Magistrate Judge