IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 14-cv-02761-BNB

ALEXANDER SHAUN MARDIS,

    Plaintiff,

v.

RICK RAEMISCH, Exec. Dir. C.D.O.C.,
JAMES FALK, Warden of Sterling Corr. Fac.,
LT. HOFFMAN, Lt. Sterling Corr. Fac. (SCF),
CO RENDON, Officer SCF,
CO SHAEFFER, Officer SCF,
LT. KARR, Lt. SCF,
O.R.D.C., Officers and inmate, et al (X-XL) (1-100),

    Defendants.

## ORDER DIRECTING PLAINTIFF TO FILE AMENDED COMPLAINT

Plaintiff, Alexander Shaun Mardis, is in the custody of the Colorado Department of Corrections currently incarcerated at the Sterling Correctional Facility. Plaintiff has filed *pro se* a Prisoner Complaint pursuant to 42 U.S.C. § 1983 (ECF No. 10) and a Prisoner's Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915. The Court has granted Plaintiff's § 1915 Motion.

The Court must construe Plaintiff's Complaint liberally because he is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court cannot act as an advocate for a *pro se* litigant. *See Hall*, 935 F.2d at 1110. For the reasons stated below, Plaintiff will be directed to file an amended prisoner complaint.

The Court has reviewed Plaintiff's Complaint and finds that it is deficient.

First, it is not clear who Plaintiff is suing.  Plaintiff lists various individuals as Defendants in the caption of the Complaint but only two of the named Defendants (Defendants Shaeffer and Hoffman) are mentioned in the body of the Complaint.

Second, Plaintiff fails to provide a short and plain statement of his claims in compliance with the pleading requirements of Rule 8 of the Federal Rules of Civil Procedure. The twin purposes of a complaint are to give the opposing parties fair notice of the basis for the claims against them so that they may respond and to allow the Court to conclude that the allegations, if proven, show that the plaintiff is entitled to relief.  *See Monument Builders of Greater Kansas City, Inc. v. American Cemetery Ass'n of Kansas*, 891 F.2d 1473, 1480 (10th Cir. 1989).  The requirements of Fed. R. Civ. P. 8 are designed to meet these purposes.  *See TV Communications Network, Inc. v. ESPN, Inc.*, 767 F. Supp. 1062, 1069 (D. Colo. 1991), *aff'd*, 964 F.2d 1022 (10th Cir. 1992).  Rule 8(a) provides that a complaint "must contain (1) a short and plain statement of the grounds for the court's jurisdiction, . . . (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought."  The philosophy of Rule 8(a) is reinforced by Rule 8(d)(1), which provides that "[e]ach allegation must be simple, concise, and direct."  Taken together, Rules 8(a) and (d)(1) underscore the emphasis placed on clarity and brevity by the federal pleading rules.  Prolix, vague, or unintelligible pleadings violate Rule 8.

Claims must be presented clearly and concisely in a manageable format that allows a court and a defendant to know what claims are being asserted and to be able to respond to those claims.  *New Home Appliance Ctr., Inc., v. Thompson*, 250 F.2d 881, 883 (10th Cir. 1957).  For the purposes of Rule 8(a), "[i]t is sufficient, and indeed

all that is permissible, if the complaint concisely states facts upon which relief can be granted upon any legally sustainable basis." *Id.*

A decision to dismiss a complaint pursuant to Rule 8 is within the trial court's sound discretion. *See Atkins v. Northwest Airlines, Inc.*, 967 F.2d 1197, 1203 (8th Cir. 1992); *Gillibeau v. City of Richmond*, 417 F.2d 426, 431 (9th Cir. 1969). The Court, however, will give Plaintiff an opportunity to cure the deficiencies in the Complaint by submitting an amended prisoner complaint that meets the requirements of Fed. R. Civ. P. 8.

Third, Plaintiff fails to allege the personal participation of each named Defendant in the alleged constitutional violation. To establish personal participation, Plaintiff must show how each named individual caused the deprivation of a federal right. *See Kentucky v. Graham*, 473 U.S. 159, 166 (1985). There must be an affirmative link between the alleged constitutional violation and each defendant's participation, control or direction, or failure to supervise. *See Butler v. City of Norman*, 992 F.2d 1053, 1055 (10th Cir. 1993).

A defendant may not be held liable for the unconstitutional conduct of his or her subordinates on a theory of respondeat superior. *See Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009). Furthermore,

> when a plaintiff sues an official under *Bivens* or § 1983 for conduct "arising from his or her superintendent responsibilities," the plaintiff must plausibly plead and eventually prove not only that the official's subordinates violated the Constitution, but that the official by virtue of his own conduct and state of mind did so as well.

*Dodds v. Richardson*, 614 F.3d 1185, 1198 (10th Cir. 2010) (quoting *Iqbal*, 556 U.S. at

677).  Therefore, in order to succeed in a § 1983 suit against a government official for conduct that arises out of his or her supervisory responsibilities, a plaintiff must allege and demonstrate that: "(1) the defendant promulgated, created, implemented or possessed responsibility for the continued operation of a policy that (2) caused the complained of constitutional harm, and (3) acted with the state of mind required to establish the alleged constitutional deprivation."  *Id*. at 1199.

Fourth, the Court further finds that the Complaint improperly combines at least two separate and unrelated claims against different defendants.  Pursuant to Rule 18(a) of the Federal Rules of Civil Procedure, "[a] party asserting a claim . . . may join, as independent or alternative claims, as many claims as it has against an opposing party."  However, the issue of whether multiple defendants may be joined in a single action is governed by Rule 20(a)(2) of the Federal Rules of Civil Procedure, which provides:

> (2) **Defendants**.  Persons . . . may be joined in one action as defendants if:
>
> (A) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and
>
> (B) any question of law or fact common to all defendants will arise in the action.

Fed. R. Civ. P. 20(a).

Plaintiff has identified at least two separate incidents in his three claims.  Each incident involves the alleged actions of some defendants and other unnamed individuals.  Plaintiff may not join separate and unrelated incidents against multiple defendants.

Requiring adherence in prisoner suits to the federal rules regarding joinder of parties and claims prevents "the sort of morass [a multiple claim, multiple defendant] suit produce[s]." *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007). "Misjoinder of parties is not a ground for dismissing an action." Fed. R. Civ. P. 21. Instead, " '[t]o remedy misjoinder, . . . the court has two remedial options:  (1) misjoined parties may be dropped on such terms as are just; or (2) any claims against misjoined parties may be severed and proceeded with separately.' " *Nasious v. City and County of Denver*, 415 F. App'x 877, 881 (10th Cir. 2011) (quoting *DirecTV, Inc., v. Leto*, 467 F.3d 842, 845 (3d Cir. 2006)).  Nonetheless, the Court will refrain from dropping or severing parties at this time because Plaintiff must submit an amended complaint that complies with Rule 8 and the joinder requirements of the Federal Rules of Civil Procedure.

Plaintiff is advised that he may use fictitious names, such as "John or Jane Doe," if he does not know the real names of the individuals who allegedly violated her rights. However, if Plaintiff uses fictitious names he must provide sufficient information about each defendant so that he or she can be identified for purposes of service.

Accordingly, it is

ORDERED that **within thirty days from the date of this Order**, Plaintiff shall file an Amended Prisoner Complaint that complies with this Order.  It is

FURTHER ORDERED that Plaintiff shall obtain the Court-approved Prisoner Complaint form (with the assistance of his case manager or the facility's legal assistant), along with the applicable instructions, at www.cod.uscourts.gov, to be used in filing the Amended Complaint.  It is

FURTHER ORDERED that if Plaintiff fails to file an Amended Complaint that

complies with this Order, within the time allowed, the Court may dismiss the Complaint and action without further notice.

DATED November 4, 2014, at Denver, Colorado.

BY THE COURT:

S/ Gordon P. Gallagher

Gordon P. Gallagher
United States Magistrate Judge