IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 14-cv-02761-GPG

ALEXANDER MARDIS, Propria Persona,

    Plaintiff,

v.

D.R.D.C. (DENVER RECEPTION AND DIAGNOSTIC CENTER), John Does,
JOHN DOE'S OF D.R.D.C., Two Officers,
JOHN DOE, Inmate at D.R.D.C.,
ASSOCIATE WARDEN STERLING CORR. FACILITY SCHERBARTH,
LT. HOFFMAN, Sterling Correctional Facility,
JAMES FALK, Warden Sterling Correctional Facility,
C.O. RENDON, Officer S.C.F.,
C.O. SHAEFFER, Officer S.C. F.,

    Defendants.

---

ORDER DIRECTING PLAINTIFF TO FILE SECOND AMENDED COMPLAINT

---

    Plaintiff, Alexander Mardis, is in the custody of the Colorado Department of Corrections and is incarcerated at the Sterling Correctional Facility. Mr. Mardis filed *pro se* a Prisoner Complaint pursuant to 28 U.S.C. § 1343 and 42 U.S.C. § 1983 asserting a deprivation of his constitutional rights. He has been granted leave to proceed *in forma pauperis*, pursuant to 28 U.S.C. § 1915.

    On November 4, 2014, the Court reviewed the allegations of the Complaint and determined that they were deficient because the Complaint failed to comply with Fed. R. Civ. P. 8 and did not allege the personal participation of each named Defendant in an arguable deprivation of the Plaintiff's constitutional rights. The Court thus ordered Mr. Mardis to file an amended complaint, on the court-approved Prisoner Complaint

form, within thirty (30) days of the November 4 Order. Plaintiff filed an Amended Complaint on November 24, 2014. The Amended Complaint dismisses several of the Defendants named in the original Complaint and names additional Defendants.

The Court must construe Mr. Mardis' Amended Complaint liberally because he is not represented by an attorney. See *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not act as an advocate for *pro se* litigants. See *Hall*, 935 F.2d at 1110.

Mr. Mardis asserts three claims in the Amended Complaint. In claim one, he alleges two unnamed prison officers forced him into a cell with an inmate who had the "disease/pathogen of warts on his hands" and that he contracted the disease. He further alleges that Defendants D.R.D.C., John Does "probably construed and masterminded" the decision to place him in that cell. He also alleges that he notified Defendants Associate Warden Scherbarth and Warden Falk of the alleged constitutional deprivation, but they failed to correct it. In claim two, Mr. Mardis alleges that on September 17, 2014, Defendants Lt. Hoffman, C.O. Rendon, and C.O. Shaeffer assaulted him, causing an injury to his knee. In claim three, Mr. Mardis alleges that he has been denied medical treatment but does not indicate which of the Defendants were involved in the alleged constitutional violation.

Mr. Mardis is reminded that his second amended complaint must comply with the pleading requirements of Fed. R. Civ. P. 8. These requirements are set forth in detail in the November 4 Order. In order for Mr. Mardis to state a claim in federal court, his "complaint must explain what each defendant did to him . . . ; when the defendant did it; how the defendant's action harmed him . . . ; and, what specific legal right the plaintiff

believes the defendant violated." *Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007).

Further, Mr. Mardis must allege specific facts to show the personal participation of each named Defendant in a violation of his constitutional rights. *See Bennett v. Passic*, 545 F.2d 1260, 1262-63 (10th Cir. 1976); *Kentucky v. Graham*, 473 U.S. 159, 166 (1985). There must be an affirmative link between the alleged constitutional violation and each defendant's participation, control or direction, or failure to supervise. *See Butler v. City of Norman*, 992 F.2d 1053, 1055 (10th Cir. 1993); *see also Dodds v. Richardson*, 614 F.3d 1185, 1200-1201 (10th Cir. 2010) ("[D]efendant-supervisors may be liable under § 1983 where an 'affirmative' link exists between the unconstitutional acts by their subordinates and their 'adoption of any plan or policy. . .–express or otherwise–showing their authorization or approval of such 'misconduct.'") (quoting *Rizzo v. Goode*, 423 U.S. 362, 371 (1976)). Supervisory defendants may not be held liable for the unconstitutional conduct of his subordinates on a theory of respondeat superior. *See Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009). This is because "§ 1983 does not recognize a concept of strict supervisor liability; the defendant's role must be more than one of abstract authority over individuals who actually committed a constitutional violation." *Fogarty v. Gallegos*, 523 F.3d 1147, 1162 (10th Cir. 2008). Mr. Mardis' vague allegations that supervisory prison officials "probably masterminded" the decision to house him with an inmate who had warts and that the warden and associate warden were notified of the issue but did not correct it do not demonstrate personal participation by each Defendant in the asserted constitutional violations.

In addition, Mr. Mardis makes allegations against other individuals in the body of the Amended Complaint but does not list those individuals as Defendants in the caption. Mr. Mardis must name all the parties he intends to sue in the caption of the second amended prisoner complaint.

Accordingly, it is

ORDERED that Plaintiff, Alexander Mardis, file **within thirty (30) days from the date of this order,** a second amended complaint, on the court-approved Prisoner Complaint form, that complies with the directives in this order. It is

FURTHER ORDERED that Mr. Mardis shall obtain the court-approved Prisoner Complaint form (with the assistance of his case manager or facility's legal assistant), along with the applicable instructions, at www.cod.uscourts.gov. It is

FURTHER ORDERED that, if Mr. Mardis fails to file a second amended complaint that complies with this order within the time allowed, the Court may dismiss all or part of this action without further notice.

DATED at Denver, Colorado, this 3rd day of   December  , 2014.

BY THE COURT:

S/ Gordon P. Gallagher

United States Magistrate Judge