IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 14-cv-02761-GPG

ALEXANDER SHAUN MARDIS, Propria Persona,

    Plaintiff,

v.

THREE JOHN DOES OF D.R.D.C., Official/Individual Capacity,
1 JOHN DOE INMATE AT D.R.D.C., Individual Capacity,
ASSOC. WARDEN SCHERBARTH, S.C.F., Official Cap.,
LT. HOFFMAN, Individual/Official Cap. S.C.F.,
CO RENDON, Individual/Official Capacity, S.C.F.,
CO SHAEFFER, Individual/Official Capacity, S.C.F.,
2 JANE DOES OF S.C.F. MEDICAL STAFF, Official and Individual Cap., and
DR. MAURICE FAUVEL, Individual and Official Capacity,

    Defendants.

## ORDER OF DISMISSAL

Plaintiff Alexander Shaun Mardis is a prisoner currently incarcerated at the correctional facility in Sterling, Colorado.  He initiated this action on October 9, 2014, by filing *pro se* a document titled "Writ of Habeas Corpus 28 U.S.C. § 2254/Information Request" (ECF No. 1) asserting that he is being physically assaulted by prison officials, is being illegally detained, and has been refused medical care and treatment.

On October 14, 2014, Magistrate Judge Boyd N. Boland reviewed the document and determined that it was deficient.  Magistrate Judge Boland advised Plaintiff that "[t]he essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release

from illegal custody." *See Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973).  "Petitions under § 2241 are used to attack the execution of a sentence, *see Bradshaw v. Story*, 86 F.3d 164, 166 (10th Cir.1996).  By contrast, 28 U.S.C. § 2254 habeas and § 2255 proceedings are used to collaterally attack the validity of a conviction and sentence." *See McIntosh v. United States Parole Comm'n*, 115 F.3d 809, 811 (10th Cir. 1997). It is well established in the Tenth Circuit that a habeas corpus application is an improper vehicle for a prisoner to challenge the conditions of his confinement.  *See McIntosh v. United States Parole Comm'n*, 115 F.3d 809, 811-12 (10th Cir. 1997). Generally, a state prisoner's challenge to his conditions of confinement is cognizable under 42 U.S.C. § 1983.  *Id.*  Therefore, Magistrate Judge Boland directed Plaintiff to submit a Prisoner's Complaint on the court-approved form if pursuing civil rights claims or a habeas application on the court-approved form if pursuing habeas claims. Magistrate Judge Boland also directed Plaintiff to file a properly-supported 28 U.S.C. § 1915 motion and affidavit on the court-approved form or pay the required filing fee. Plaintiff was warned that failure to cure the designated deficiencies within thirty days would result in dismissal of the action without further notice.

On October 23, 2014, Plaintiff filed a Prisoner Complaint (ECF No. 4) pursuant to 42 U.S.C. § 1983 alleging that his Eighth Amendment rights have been violated.  In the "E. Previous Lawsuits" section, he affirmatively alleged that he had never filed a lawsuit other than this lawsuit, in any federal or state court, while he was incarcerated.  On October 30, 2014, Plaintiff filed an Amended Prisoner Complaint (ECF No. 10).  In the "E. Previous Lawsuits" section of the complaint, Plaintiff alleged that he was "resending" the amended complaint because of "mail fraud somewhere in this facility."  Plaintiff did

not allege that he had ever filed a lawsuit other than this lawsuit, in any federal or state court, while he was incarcerated.

On November 4, 2014, Plaintiff was granted leave to proceed *in forma pauperis.* Magistrate Judge Gordon P. Gallagher reviewed the Prisoner Complaint (ECF No. 10) filed on October 30, 2014, found that it was deficient, and directed Plaintiff to file an amended prisoner complaint.  Specifically, Plaintiff was instructed to file an amended complaint that clearly identifies who Plaintiff intends to sue, provides a short and plain statement of the claims in compliance with the pleading requirements of Fed. R. Civ. P. 8, alleges the personal participation of each named defendant in the alleged constitutional violations, and does not improperly combine two or more separate and unrelated claims against different defendants.  (*See* ECF No. 14).  Plaintiff was warned that failure to file an amended prisoner complaint within the time allowed may result in dismissal of the action without further notice.

On November 24, 2014, Plaintiff filed an Amended Prisoner Complaint (ECF No. 20).   In the "E. Previous Lawsuits" section of the complaint, Plaintiff alleged that he added two new defendants to this action.  He did not allege that he had ever filed a lawsuit other than this lawsuit, in any federal or state court, while he was incarcerated. On December 3, 2014, Magistrate Judge Gallagher reviewed the Amended Complaint, found that it remained deficient, and ordered Plaintiff to file a second amended prisoner complaint that complied with Rule 8, alleged specific facts demonstrating the personal participation of each named defendant in the alleged constitutional violations, and named all parties he intends to sue in the caption of the complaint.  (*See* ECF No. 21). Plaintiff again was warned that failure to file an amended prisoner complaint within the

time allow may result in dismissal of the action without further notice.

On December 30, 2014, Plaintiff filed a Second Amended Prisoner Complaint (ECF No. 22) and an addendum requesting to "combine all information of the 3 complaints now filed." In the "E. Previous Lawsuits" section of the complaint, he affirmatively alleged that he had never filed a lawsuit other than this lawsuit, in any federal or state court, while he was incarcerated. After the Court denied Plaintiff's request to combine the information in the previously filed complaints, Plaintiff filed a complete Third Amended Prisoner Complaint (ECF No. 27) on February 6, 2015. He did not complete the "E. Previous Lawsuits" section of the complaint.

The Court notes that Mr. Mardis has filed two other lawsuits in this Court while he has been incarcerated. On October 23, 2014, Mr. Mardis filed an Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 in *Mardis v. Falk, et al.,* No. 14-cv-02895-LTB (D. Colo. Oct. 23, 2014), and on November 12, 2014, Mr. Mardis filed an Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 in *Mardis v. Falk, et al.,* No. 14-cv-03055-GPG (D. Colo. Nov. 12, 2014). Thus, Mr. Mardis was required to disclose this information on the various amended prisoner complaints he filed in this action between October 23, 2014 and February 6, 2015. Mr. Mardis, however, either affirmatively alleged that he never filed any other lawsuit while incarcerated, or did not complete this section of the complaint form.

Local Rules 1.2 and 5.1(c) of the Local Rules of Practice - Civil for this Court require litigants to use the Court-approved forms found on the Court's website. The United States Court of Appeals for the Tenth Circuit repeatedly has upheld the requirement that *pro se* litigants comply with local court rules requiring use of proper

Court-approved forms, and rejected constitutional challenges to such rules. *See, e.g.*, *Georgacarakos v. Watts*, 368 F. App'x 917, 918-19 (10th Cir. 2010) (district court did not abuse its discretion in dismissing civil rights action without prejudice for federal prisoner's noncompliance with local rules requiring use of proper court-approved form to file complaint and district court's order to comply), *Durham v. Lappin*, 346 F. App'x 330, 332-33 (10th Cir. 2009) (it was within district court's discretion to dismiss prisoner's complaint for failure to comply with local rules requiring *pro se* litigants to use court-approved forms, and local rule did not violate prisoner's equal protection rights); *Kosterow v. United States Marshal's Serv.*, 345 F. App'x 321, 322-33 (10th Cir. 2009) (it was within district court's discretion to dismiss complaint for failure to use proper court form).

Therefore, Mr. Mardis was required to complete all sections on the court-approved prisoner complaint form, including Section "E. Previous Lawsuits." The Court finds that Mr. Mardis did not comply with the Local Rules and has failed to cure the deficiencies in his complaints as directed. Therefore, the Third Amended Prisoner Complaint and the action will be dismissed without prejudice for noncompliance with the Local Rules and court orders.

Finally, the Court certifies pursuant to § 1915(a)(3) that any appeal from this order would not be taken in good faith and therefore *in forma pauperis* status will be denied for the purpose of appeal. *See Coppedge v. United States*, 369 U.S. 438 (1962). If Mr. Mardis files a notice of appeal he also must pay the full $505.00 appellate filing fee or file a motion to proceed *in forma pauperis* in the United States Court of Appeals for the Tenth Circuit within thirty days in accordance with Fed. R. App. P. 24.

Accordingly, it is

ORDERED that the Amended Prisoner Complaint (ECF No. 27) and the action are dismissed without prejudice pursuant to Rule 41(b) of the Federal Rules of Civil Procedure for the failure of Plaintiff, Alexander Shaun Mardis, to cure the deficiencies as directed, and for his failure to accurately complete all sections of the court-approved prisoner complaint form.  It is

FURTHER ORDERED that leave to proceed *in forma pauperis* on appeal is denied.  It is

FURTHER ORDERED that any pending motions are denied as moot.

DATED at Denver, Colorado, this  13th  day of     March        , 2015.

BY THE COURT:

   s/Lewis T. Babcock  
LEWIS T. BABCOCK  
Senior Judge, United States District Court